ANDREW J. KEELEY, PLAINTIFF, v. THE BOROUGH OF BELMAR, DEFENDANT.

Submitted December 1; 1921—Decided February 21, 1922.

The venue will not be changed upon any nice balancing of circumstances for the mere accommodation of the parties—inconvenience against inconvenience. Yet, on an application by a defendant municipal corporation, the inconvenience to the public should be considered, and under special circumstances, the court exercising a sound discretion, will change the venue to the county where the defendant is located and the county in which the cause of action arose.

On rule to change venue.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the plaintiff, *Wall, Haight, Carey & Hartpence.*

For the defendant, *Harry R. Cooper.*

The opinion of the court was delivered by

BLACK, J.   A rule to show cause was allowed in this case why the venue should not be changed from the county of Burlington, the county in which the plaintiff resides, to the county of Monmouth, the county in which the defendant is located. The defendant is a municipal corporation of New Jersey located on the Atlantic ocean, in the county of Monmouth. The application is addressed to the discretion of the court, under section 202 of the Practice act, which provides: "An action merely transitory shall, at the discretion of the court, be tried in the county in which the cause of action arose, or the plaintiff or defendant reside at the time of instituting such action, or if the defendant be a non-resident, in the county in which process was served upon him." 3 *Comp. Stat.*, p. 4113, ¶ 202; *Pamph. L.* 1903, p. 590.

The action is predicated upon a lease made between the parties on the 22d of April, 1919, covering premises known as the Fifth avenue pavilion, situate on the beach front in the defendant borough.   The suit seeks to recover some $30,000 damages.   The action is therefore a transitory one within the meaning of paragraph 202 of the Practice act, as distinguished from a local action, provided for in section 201 of the Practice act.   Mr. Justice Knapp, speaking for this court, said, in the case of *Demarest* v. *Hurd*, 46 *N. J. L.* 471, the court will never change the venue upon any nice balancing of circumstances for the mere accommodation of the parties—inconvenience against inconvenience; so, in *Simanton* v. *Moore*, 65 *Id.* 530.   In both of those cases the parties were individuals.   But under special circumstances the court will change the venue from one to another of the designated counties, provided for in the Practice act.   It is an appeal addressed to the sound discretion of the court, as in *Bell* v. *Morris Canal, &c., Co.*, 15 *Id.* 63; *Kerr* v. *State Bank of New Brunswick*, 4 *Id.* 363; *Herbert* v. *Terhune*, 68 *Id.* 112; *Schmehl* v. *South Jersey, &c., Co.*, 63 *Id.* 141.

The venue under the statute must be laid in one of four places or counties.   *Worley* v. *Scudder*, 10 *N. J. L.* 231; *Chan-*

*cellor* v. *Morris,* 82 *Id.* 14. In a suit against a corporation, the venue should be laid in the county where its principal office is located. *Thorn* v. *Central Railroad Co.,* 26 *Id.* 121.

Our reading of the testimony taken under the rule allowed in this case satisfies us that there is something more than a mere inconvenience for the defendant to defend this suit at Mt Holly, the county seat of Burlington county, the county in which the venue is laid and in which the plaintiff resides. The cost and inconvenience to the public, which constitute the municipality, should be considered. The books of the borough, the present mayor, the clerk and the six councilmen constituting the borough council will be required at the trial. We, therefore, in the exercise of a sound discretion under the special circumstances, think the application should be granted, but without costs. The venue should be changed from Burlington county to Monmouth county, the county where the defendant is located and the county in which the cause of action arose.

A rule to that effect may be entered.